UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN LeCLAIR,

               Plaintiff,

      -vs-

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

             Defendant.
_____

**DECISION AND ORDER**
**No. 6:12-CV-6066(MAT)**

## I.   Introduction

Plaintiff Stephen LeClair ("LeClair" or "Plaintiff") instituted this action on February 6, 2012, asserting a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), for long-term disability ("LTD") benefits payable by defendant Liberty Life Assurance Company of Boston ("Defendant" or "Liberty"). Presently pending before the Court is Defendant's motion to remand (Dkt #19) the case for further administrative proceedings.

## II.  Factual Background and Procedural History

While LeClair was employed with Defendant's insured, Lowe's Companies, he was a participant in their LTD plan ("the Plan"). Benefits under the Plan are provided pursuant to a group disability income policy ("the Policy") issued by Liberty to Lowe's Companies. The Plan is governed by ERISA.

On or about May 1, 2006, LeClair ceased working at Lowe's Companies because he was disabled. After the elimination period, LeClair was approved for, and received, benefits under the Plan. On

August 11, 2008, Liberty discontinued its payment of LTD benefits to LeClair, who then appealed the determination by submitting additional information. LeClair alleges that Liberty erroneously did not submit his appeal to its appeals unit, although it did reinstate his benefits in January 2009. By letter dated February 9, 2009, however, Liberty notified LeClair that he was not entitled to benefits after February 11, 2009, because he was no longer disabled.

LeClair alleges that after Liberty denied his claim in February 2009, a Liberty employee informed him that he had "lost his appeal and that his claim was closed," that the decision was final, and that he could not appeal this determination. LeClair also claims that a Liberty employee left him a voicemail message indicating that the company had "reached a decision on his appeal." LeClair asserts that he relied on this information and believed he had no further recourse.

Liberty disputes LeClair's allegations that he is entitled to benefits under the Plan, that he was denied an opportunity to seek a "full and fair review" of the decision terminating benefits, and that Liberty breached its fiduciary duty to him. According to Liberty, the administrative record demonstrates that after terminating LeClair's benefits as of February 11, 2009, Liberty provided him with 180 days to request an administrative review. Liberty points to its letter to LeClair dated February 9, 2009,

-2-

notifying LeClair that he had an opportunity to request a review within 180 days of his receipt of the letter. LeClair, however, did not request such further administrative review.

Liberty contests Plaintiff's claim that he believed he had no further opportunity to request an administrative review, pointing to his fax sent on April 2, 2009, indicating that he had not yet received Liberty's determination letter and that he believed his appeal had been approved. Liberty contends that Plaintiff's statements in his April 2, 2009 fax undermine the claim that he relied on a voicemail message from a Liberty representative on February 11, 2009, or on statements made to him on February 12, 2009, that his right to request an appeal had been exhausted.

Under Counts I and II of the First Amended Complaint, LeClair seeks LTD benefits from February 11, 2009, forward, pursuant to ERISA §502(a)(1)(B). LeClair also seeks a declaratory judgment regarding his rights under the Policy.  Under Counts III and IV, LeClair alleges a breach of fiduciary duty by Liberty and seeks appropriate equitable relief pursuant to ERISA § 502(a)(3).

Defendant has filed a motion to have this action stayed and to remand Plaintiff's claim for LTD benefits to Defendant for a full administrative review. (Dkt #19). Plaintiff has opposed the motion (Dkt #26), arguing that it is in actuality a motion for summary judgment. Defendant has filed a reply brief (Dkt #30). The matter is now fully submitted and ready for decision.

## III.  Discussion

### A.  Defendant's motion is not tantamount to a motion for summary judgment.

Plaintiff argues that Defendant's motion to remand is not authorized under the Federal Rules of Civil Procedure, asserting that the remand motion most resembles a request for partial summary judgment and should be construed as such. Plaintiff's Memorandum of Law ("Pl's Mem.") at 2-3 (citing <u>Muller v. First Unum Life Ins. Co.</u>, 341 F.3d 119, 124-25 (2d Cir. 2003)). Defendant argues that Plaintiff's reliance on <u>Muller</u> is misplaced because that case did not involve a motion for remand. <u>Muller</u> instead involved a "motion for judgment on the administrative record[,]" which, as the Second Circuit observed, did not appear to be authorized by the Federal Rules of Civil Procedure. <u>Id.</u> at 124. The Second Circuit noted that many courts have either explicitly or implicitly treated such motions for judgment on the administrative record, which are frequently made by insurers in ERISA benefits cases, as motions for summary judgment under F.R.C.P. 56. <u>Id.</u> (citations omitted).

At the time the motion for judgment on the administrative record was made, the District Court in <u>Muller</u> had already denied summary judgment to the insurer on the issue of whether the insured was disabled, and no further discovery had taken place since the denial of summary judgment. Thus, it did not make sense to treat the motion for judgment on the administrative record as a summary

-4-

judgment motion.  The Second Circuit determined that the District Court's decision on the motion for judgment on the administrative record, or the District Court's "de novo review of the parties' submissions" and resolution thereof, could "best be understood as essentially a bench trial 'on the papers' with the District Court acting as the finder of fact[,]" Muller, 341 F.3d at 124, which was entirely proper under ERISA, id. The only fault the Second Circuit found with the District Court was that it had failed to adequately state its findings of fact and conclusions of law as required by F.R.C.P. 52(a), governing bench trials. Id.

Muller is factually dissimilar to the present case, and it simply does not stand for the proposition urged by Plaintiff. In contrast to Muller, Defendant is not requesting that this Court conduct any substantive review whatsoever of the administrative record of Plaintiff's claim. As Defendant notes, its remand motion does not require or request that the Court make any findings of fact or conclusions of law. See Defendants' Reply Memorandum of Law ("Reply") at 4. Rather, Defendant is asking that it be permitted to complete the administrative record by engaging in a full and fair administrative appeal process, which has not been done as of this time. Id. Defendant indicates that completion of the administrative record following a remand will narrow, or potentially resolve, the issues presented by Plaintiff's First Amended Complaint.

The Court agrees that the remand motion does not require it to resolve any of the underlying factual disputes or legal questions, including Plaintiff's contention that he is entitled to de novo review rather than arbitrary-and-capricious review. Indeed, in the cases cited by Defendant, the district courts have noted that a remand to the plan administrator is without prejudice to the plaintiff's ability to argue that the determination upon remand should be subject to de novo judicial review. E.g., Robyns v. Community Centers of Indpls, Inc, Reliance Standard Life Ins. Co., No. IP98-1241-C-H/G, 2001 WL 699886, at *2 (S.D. Ind. May 17, 2001).

**B.    The Court has the inherent authority to remand Plaintiff's claim for administrative review.**

Apart from Muller, which this Court has found to be inapposite, Plaintiff has not pointed to any cases which challenge Defendant's assertion that, in the ERISA context, the district court has the inherent authority to  remand a benefit claim before deciding that claim on the merits. See  Reply at 2 (citing, inter alia, Hackney v. Lincoln Nat'l Life Ins. Co., No. 3:11-CV-268-TBR, 2012 WL 13343, at *2 (W.D. Ky. Jan. 4, 2012); Robyns, 2001 WL 699886, at *1; Rankins v. Long Term Disability Plan for Employees of the Franklin Ins. Co., 6 F. Supp.2d 988, 992 (C.D. Ill. 1998)).

Indeed, several circuit courts of appeals have expressly held that remand of an ERISA case to the plan administrator "is appropriate in a variety of circumstances, particularly where the

-6-

plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete." Shelby County Health Care Corp. v. Majestic Star Casion, 581 F.3d 355, 373 (6th Cir. 2009). In particular, where the plan administrator has failed to comply with ERISA's appeal-notice requirements in adjudicating a participant's claim, courts have held that the proper remedy is to remand the case to the plan administrator "so that a 'full and fair review' can be accomplished." Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 240 (4th Cir. 2008) ("Even though [the plan administrator] failed to provide [the plaintiff] with the proper appeals notice required by ERISA, that procedural violation cannot afford [her] a substantive remedy if she has no entitlement to benefits under the terms of the Plan.") (citing Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993); Caldwell v. Life Ins. Co. of N. America, 287 F.3d 1276, 1288-89 (10th Cir. 2002); footnote omitted)); accord Shelby County Health Care Corp., 581 F.3d at 373; see also Buffonge v. Prudential Ins. Co. of Am., 426 F.3d 20, 31 (1st Cir. 2005) ("Here, the problem is not that Buffonge was denied benefits to which he was clearly entitled; the evidence does not compel such an outcome. The problem is with the integrity of Prudential's decision-making process. The appropriate response is to let Buffonge have the benefit of an untainted process."); Butler v. United Healthcare of Tenn., Inc., No. 3:07-CV-465, 2011 WL 5526329,

at *4 (E.D. Tenn. Nov. 14, 2011) (citing <u>Walsh v. Metro. Life Ins.
Co.</u>, No. 3:06-1099, 2009 WL 603003, at *9-10 (M.D. Tenn. Mar.9,
2009); <u>Gilliam v. Hartford Life & Accident Ins. Co.</u>, Civil Action
No. 05-219-DLB, 2006 WL 2873475, at *9 (E.D. Ky. Oct.5, 2006));
<u>Robyns</u>, 2001 WL 699886, at *1 (citing <u>Rankins</u>, 6 F. Supp.2d at
992).

In <u>Robyns</u>, for instance, a doctor retained by the insurance
company stated that he needed certain additional information to
make a final decision about whether the plaintiff continued to be
eligible for the long-term disability benefits she then was
receiving. 2001 WL 699886, at *1. The insurance company never
obtained that information but continued its suspension of benefit
payments, and declined to consider the plaintiff's "continued
appeal" of her benefits claim. <u>Id.</u> The insurer thus did not
actually make a decision, based on complete medical information, on
the merits of the plaintiff's claim. The district court in <u>Robyns</u>
granted the insurer's motion to remand, finding that permitting the
insurer to complete its administrative review of the plaintiff's
claim would provide a more complete record for any later judicial
review under ERISA. <u>Id.</u> (citing <u>Rankins</u>, 6 F. Supp.2d at 992)
(remanding plaintiff's claim because the administrative proceedings
had been inadequate, namely, the plan administrator had not fully
analyzed the plaintiff's eligibility and had not calculated the
amount of monthly benefits available)).

As the district court in <u>Robyns</u> observed, the <u>Rankins</u> court's approach provides a means for disposing of all relevant issues at one time:   If Liberty approves LeClair's claim administratively, "the issues in this case will be either narrowed or entirely resolved." 2001 WL699886, at *1. If Liberty denies LeClair's claim, then the record before this court for judicial review of that decision under ERISA  will be more complete than it is at present. <u>Id.</u>

The Court here declines to order the matter stayed and retain jurisdiction during the remand. Instead, the Court follows the approach utilized by the district courts in <u>Rankins</u> and <u>Robyn</u>. Although the district courts did not retain jurisdiction, their remand orders had that "practical effect" because they permitted the plaintiffs to move to re-open the action, if that became necessary, without having to pay new filing fees. <u>Robyns</u>, 2001 WL 699886, at *1 (citing <u>Rankins</u>, 6 F. Supp.2d at 992).

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Remand is **granted.** The case is remanded to Defendant with instructions to undertake a full and fair review of Plaintiff's claim on administrative appeal. The Court expresses no view on the substantive questions presented by this matter, such as the appropriate standard of review to be employed. The Court's decision herein has no effect on Plaintiff's subsequent ability to argue

that a <u>de</u> <u>novo</u> standard should apply to judicial review of his claim. Following Defendant's administrative determination, Plaintiff may, if necessary, file a motion for leave to re-open this case, thereby preventing him from incurring the additional costs of filing a new case.

**V.    Orders**

It is hereby

**ORDERED** that Defendant's Motion to Remand is **granted.** The case is remanded to Defendant with instructions to undertake a full and fair review of Plaintiff's claim on administrative appeal. It is further

**ORDERED** that this case shall be closed. It is further

**ORDERED** that, if Plaintiff is unsuccessful at the administrative level, he may move to re-open this case and shall not have to pay a new filing fee.

**ALL OF THE ABOVE IS SO ORDERED.**


S/Michael A. Telesca


_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     July 2, 2013
           Rochester, New York


-10-